**Affirmed and Memorandum Opinion filed June 27, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-00541-CV

## EFREM SEWELL AND MILO SHEPHARD, Appellants

## V.

## HARDRIDERS, INC., WAVERLY NOLLEY, SHANNON MAYFIELD, AND MICHELLE OXINDINE, Appellees

**On Appeal from the 151st District Court
Harris County, Texas
Trial Court Cause No. 2011-37278**

## M E M O R A N D U M   O P I N I O N

Appellants Efrem Sewell and Milo Shephard challenge the trial court's order denying their motion to dissolve a temporary injunction.[1] We affirm.

---

[1] We have appellate jurisdiction over an order that overrules a motion to dissolve a temporary injunction. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(4) (Vernon Supp. 2012).

## BACKGROUND

This appeal arises out of a dispute between competing factions within a motorcycle club originally known as "Hard Riders Motorcycle Club Association" ("HRMCA").

In 2005, appellant Sewell assisted with the incorporation of appellee Hardriders, Inc. as a favor to Darvin Scott,[2] who was the president of HRMCA at the time. Sewell submitted a trademark application on May 12, 2011 for the "Hardriders" name and logo; Hardriders, Inc. alleges that he did so as part of his efforts to form a rival "Hardriders" club after he became involved in a dispute over control of Hardriders, Inc.

On June 21, 2011, Hardriders, Inc. and members of its executive board sued to prevent Sewell, Shephard, and others from using the "Hardriders" name and logo in connection with a separate motorcycle club. They asserted claims for conversion, conspiracy to commit conversion, fraud, conspiracy to commit fraud, professional negligence, and tortious interference. They sought relief from the trial court including a declaratory judgment affirming their rights to the "Hardriders" name and logo, at least $300,000 in attorney's fees, a temporary injunction, and $1,500,000 in actual and exemplary damages.

On November 2, 2011, the trial court granted a temporary injunction ordering the appellants to "immediately cease and desist from pursuing the completion and approval of the trademark application[.]" The appellants were ordered to "immediately turn over all account passwords, access codes, and all other information necessary for the use, control, and access to the website domain www.hardridersmc.com, and cease and desist from disabling, altering, canceling,

---

[2] Documents in the record alternate between spelling Mr. Scott's first name as "Darvin" and "Darwin." For clarity, we will use only "Darvin" in this opinion.

or in any way encumbering Plaintiff Hardriders, Inc.'s use, control, access, or further enjoyment to [sic] the website."

On January 18, 2012, the appellants filed a petition for a writ of mandamus asking this court to compel the trial court to dissolve the temporary injunction. *See In re Sewell*, No. 14-12-00044-CV, 2012 WL 254004 (Tex. App.—Houston [14th Dist.] Jan. 26, 2012, orig. proceeding) (per curiam) (mem. op.).[3] We denied the petition on grounds that the appellants had an adequate remedy by appeal. *Id.*

The appellants filed a motion to dismiss the appellees' suit on April 19, 2012, based on their assertion that the trial court lacked subject matter jurisdiction over the claims because the appellees did not have standing to pursue them. On May 12, 2012, the appellants filed a motion to dissolve the temporary injunction; they contended the temporary injunction was unnecessary and improper in light of "newly revealed" facts related to the incorporation and ownership of Hardriders, Inc.

The trial court denied both motions on May 18, 2012, and this appeal followed.

In 12 issues, the appellants argue that the trial court erred in denying their motion to dissolve the temporary injunction. They do not challenge on appeal the trial court's decision on their motion to dismiss.

## ANALYSIS

The decision to maintain or dissolve a temporary injunction lies within the

---

[3] Before denying the petition for writ of mandamus, this court dismissed two appeals brought by the appellants but unrelated to the temporary injunction at the center of the present appeal. *See Sewell v. Hardriders, Inc.*, No. 14-11-01023-CV, 2012 WL 170952 (Tex. App.—Houston [14th Dist.] Jan. 19, 2012, no pet.) (per curiam) (mem. op.); *Sewell v. Hardriders, Inc.*, No. 14-11-00772-CV, 2011 WL 5508640 (Tex. App.—Houston [14th Dist.] Nov. 10, 2011, no pet.) (per curiam) (mem. op.).

trial court's sound discretion. *Kassim v. Carlisle Interests, Inc.*, 308 S.W.3d 537, 540 (Tex. App.—Dallas 2010, no pet.); *Cellular Mktg., Inc. v. Houston Cellular Tel. Co.*, 784 S.W.2d 734, 735 (Tex. App.—Houston [14th Dist.] 1990, no writ). A trial court abuses its discretion in this context when it acts unreasonably or in an arbitrary manner without reference to guiding principles. *Kassim*, 308 S.W.3d at 540; *see Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002).

The purpose of a motion to dissolve is to provide a means to show changed circumstances or a change in the law that require modification or dissolution of the injunction; the purpose is not to give an unsuccessful party an opportunity to relitigate the propriety of the original grant. *Kassim*, 308 S.W.3d at 540. Changed circumstances may include an agreement of the parties, newly revealed facts, or a change in the law that makes the temporary injunction unnecessary or improper. *Murphy v. McDaniel*, 20 S.W.3d 873, 878 (Tex. App.—Dallas 2000, no pet.). "The trial court cannot be held to have abused its discretion by refusing to alter its prior decision in the absence of any new evidence." *Cellular Mktg., Inc.*, 784 S.W.2d at 735.

The appellants assert that the trial court erred by denying the motion to dissolve because (1) all members of HRMCA "did not receive notice of the intention to incorporate HRMCA into Hardriders[,] Inc.;" (2) the members of HRMCA "did not have knowledge or give their unanimous consent to incorporate HRMCA into Hardriders[,] Inc.;" (3) HRMCA's rights to the name and logo could not transfer to Hardriders, Inc. based solely on "the mere act of incorporating [HRMCA's] name into Hardriders[,] Inc.;" (4) "Hardriders[,] Inc. failed to show that it is the successor in interest to [HRMCA];" (5) the trial court found a material fact issue regarding jurisdiction even though "the material jurisdictional facts were not in dispute that [sic] Hardriders[,] Inc. never succeeded HRMCA;" (6) "the

4

burden was on Hardriders[,] Inc. to establish that it is the successor in interest to [HRMCA], not on [HRMCA's] members to refute it;" (7) Hardriders, Inc. did not have a valid claim to HRMCA's rights to the name and logo because HRMCA still existed as a separate entity; (8) the members of Hardriders, Inc. abandoned any rights or interests they had in HRMCA's name and logo by leaving HRMCA to form Hardriders, Inc.; (9) Hardriders, Inc. did not prove it owned HRMCA's rights to the name and logo; (10) "Hardriders[,] Inc. failed to provide statutory or contractual authority to incorporate [HRMCA];" (11) "Hardriders[,] Inc. did not have standing to obtain injunctive relief;" (12) jurisdiction is a question of law that the trial court erroneously concluded "should be resolved by the fact finder."

Most of the appellants' brief focuses on their contention that the trial court's original grant of the temporary injunction was erroneous. We do not address that contention because this is not an appeal from a temporary injunction; it is an appeal from an order denying a motion to dissolve the temporary injunction based on what the appellants characterize as "newly revealed" evidence. The narrow inquiry here focuses on whether changed circumstances require dissolution of the temporary injunction. *See Kassim*, 308 S.W.3d at 540. Accordingly, we will address arguments arising out of the facts that the appellants claim are newly discovered.

Initially, however, we address the trial court's jurisdiction.

## I.      Jurisdiction

The appellants have not challenged the trial court's denial of their motion to dismiss for lack of subject matter jurisdiction, but on appeal, they nonetheless raise jurisdictional arguments in their challenge to the denial of their motion to dissolve the temporary injunction. We address those issues here because jurisdiction is fundamental in nature and cannot be ignored. *See Royal Indep. Sch. Dist. v.*

5

*Ragsdale*, 273 S.W.3d 759, 763 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

Because subject matter jurisdiction presents a question of law, we review the district court's decision *de novo*. *Univ. of Houston v. Barth*, 178 S.W.3d 157, 162 (Tex. App.—Houston [1st Dist.] 2005, no pet.). In reviewing a trial court's ruling on a plea to the jurisdiction, we do not look at the merits of the case; rather, we construe the pleadings in favor of the plaintiff, look to the pleader's intent, and accept the pleadings' factual allegations as true. *Id.* We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.* However, if a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do. *Id.* When the consideration of a trial court's subject matter jurisdiction requires the examination of evidence, the trial court exercises its discretion in deciding whether the jurisdictional determination should be made at a preliminary hearing or await a fuller development of the case, mindful that this determination must be made as soon as practicable. *Id.* If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue must be resolved by the fact finder. *Id.*

The trial court's order denying the appellants' motion to dismiss for lack of subject matter jurisdiction provides, in relevant part:

> In this case, the Court believes that [the appellants], in their plea to the jurisdiction, did meet their initial burden of presenting conclusive proof that [Hardriders, Inc.] lacks standing, and that therefore this court lacks subject matter jurisdiction. However, after the burden shifted, [Hardriders, Inc.] did, in turn, present evidence sufficient to raise a material issue of fact regarding jurisdiction.
>
> The Court believes that the fact issues raised by [Hardriders, Inc.] in response to [the appellants'] plea to the jurisdiction are virtually

6

inseparable from the merits of the case. The Court believes these fact issues should be resolved by the fact finder at the trial of this cause. For these reasons, the Court cannot grant the plea to the jurisdiction as to [Hardriders, Inc.], and will instead resolve the issue of [Hardriders, Inc.'s] standing by submitting factual questions to the jury designed to resolve the standing issue.

Further, while [the appellants] have attacked the standing of the entity known as Hardriders, Inc., [the appellants] have almost completely failed to address the standing of the individuals, Waverly Nolley, Michelle Oxindine, and Shannon Mayfield. The Court finds that [the appellants] have not established their lack of standing as a matter of law, and thus the burden did not shift, and these [appellees] had no obligation to adduce additional evidence in response to [the appellants'] plea.

The appellants' motion to dismiss for lack of subject matter jurisdiction was based on the premise that Hardriders, Inc. was formed as a completely separate entity unrelated to HRMCA. The appellees argued in response that HRMCA incorporated as Hardriders, Inc. and that the two entities are "the same entity at different periods of time."

We agree with the trial court; the fact issues raised by the appellees in response to the appellants' plea to the jurisdiction are virtually inseparable from the merits of the case. As a result, the trial court could not grant the appellants' motion to dismiss for lack of subject matter jurisdiction. *See Barth*, 178 S.W.3d at 162.

We overrule the appellants' issues insofar as they are based on an asserted lack of subject matter jurisdiction in the trial court.

## II. Changed Circumstances

The appellants based their motion to dissolve the temporary injunction on two facts that they claim were uncovered in March 2012:

It was discovered that HRMCA membership did not form Hardriders[,] Inc. Darvin Scott, a member of HRMCA, formed Hardriders[,] Inc. for his personal use without any endorsement or participation by the membership of HRMCA. Darvin Scott formed Hardriders[,] Inc. for "Motorcycle Club Entertainment Purposes[.]"

*        *        *

The investigation further revealed that Hardriders[,] Inc. is a wholly owned corporation with two shareholders, [Darvin] Scott (75%) and Herman Frazier (25%).

According to the appellants, these facts invalidate the temporary injunction because they demonstrate that Hardriders, Inc. and HRMCA are separate entities.

We reject the appellants' arguments that these facts were "newly revealed," and that the trial court abused its discretion when it refused to dissolve the temporary injunction based on these facts. They were revealed in 2005, and the record indicates that Sewell played an active role in their creation.

In an email detailing the history of the conflict within HRMCA, Sewell describes the incorporation process in detail:

On May 27, 2005, Scott came to my office and ask[ed] me to assist him in incorporating the Hard Rider [sic] name. I told him I used a service that does it and I would assist him, simply reimburse me the amount they bill me. So I contacted the service while Scott was sitting in the office with me. As the lady ask[ed] Scott about how he wanted to set up the corporation[,] Scott would answer her and I would chime in occasionally to give the process some direction. When she asked him the purpose of the corporation, Scott told the lady that he needed it for "Motorcycle Club Entertainment purposes."

*        *        *

Scott never mentioned HRMCA members having anything to do with Hard Riders [sic], Inc. When the lady ask[ed] him how many shares did he want issued[,] he said 1,000. Her next question was who are

8

the shareholders and how many shares will each holder receive?  Scott told the lady 750 (75%) shares for me and give 250 (25%) to Herman Frazier.

Because Sewell was aware of the facts at issue for six years before the temporary injunction was issued, we conclude that neither fact amounts to a changed circumstance for purposes of a motion to dissolve.  Without a changed circumstance, we cannot find that the trial court abused its discretion.  *See Cellular Mktg., Inc.*, 784 S.W.2d at 735.

Accordingly, we overrule the appellants' issues.

## CONCLUSION

We affirm the trial court's order denying the appellants' motion to dissolve the temporary injunction.

/s/     William J. Boyce
Justice

Panel consists of Justices Boyce, McCally, and Donovan.

9