**Opinion filed May 14, 2009**



*In The*

# Eleventh Court of Appeals

_____

## No. 11-07-00261-CV

_____

## PERLA KARIME JORDAN, Appellant

## V.

## ECTOR COUNTY, TEXAS, Appellee

**On Appeal from the 70th District Court**

**Ector County, Texas**

**Trial Court Cause No. A-122,198**

### O P I N I O N

Perla Karime Jordan appeals from a summary judgment granted in favor of Ector County, Texas, that she take nothing on her whistleblower claim, in which she alleges that she was terminated for having called to the attention of her boss, the County Attorney of Ector County, that a position in which she was interested was filled without a public posting or that she was terminated for failing to follow a call-in policy when she, in fact, had followed the policy. We affirm.

Jordan asserts two issues on appeal: whether she complied with the prerequisite to bringing suit under TEX. GOV'T CODE ANN. § 554.006(a) (Vernon 2004) and whether she created a prima

facie case under the Texas Whistleblower Act.[1]  In fact, the single controlling issue in this appeal is whether the trial court lacks jurisdiction to hear Jordan's whistleblower claim because she did not initiate a grievance procedure after the County Attorney of Ector County terminated her employment. In her original petition, Jordan alleges that she was terminated on or about July 18, 2005, in retaliation for reporting to the Personnel Department of Ector County that her employer, the County Attorney of Ector County, had hired a legal secretary or administrative individual without posting or, alternatively, that she was terminated for not complying with a call-in policy when, in fact, she had complied with the call-in policy.  Ector County filed a traditional motion for summary judgment and a no-evidence motion for summary judgment as well as a plea to the jurisdiction all of which rely on Ector County's assertion that Jordan failed to file or initiate a grievance following her termination, which Ector County asserts is a necessary prerequisite to filing such a suit.

According to Jordan's affidavit filed in response to Ector County's motion, she asserts that on June 30, 2005, prior to her termination, she sought to file a grievance with the county's personnel department because a legal secretary position in which she was interested had not been publicly posted.  It is undisputed that Jordan did not file or initiate a grievance after she was terminated.

Section 554.006(a) of the Texas Whistleblower Act requires a claimant to timely initiate grievance or appeal procedures of the employing state or local governmental entity relating to suspension or termination of employment or adverse personnel action before suing. Section 554.006(a).  Where the plaintiff has failed to file or initiate such a grievance, sovereign immunity is not waived and the failure constitutes a jurisdictional bar to the whistleblower claim. *Med. Arts Hosp. v. Robison*, 216 S.W.3d 38, 40-41 (Tex. App.— Eastland 2006, no pet.).  Therefore, given the fact that Jordan failed to file or initiate such a grievance after her termination, sovereign immunity has not been waived, and her whistleblower claim is jurisdictionally barred.

In asserting that she did in fact file or initiate a grievance, Jordan refers us to the grievance she sought to initiate prior to her termination, a grievance based upon her assertion that the county attorney failed to post a legal secretary position as required by county policy.  The purpose of requiring the filing of a grievance is to allow the employer an opportunity to correct its own errors by resolving disputes before being subjected to the expense and effort of litigation. *Med. Arts Hosp.*, 216 S.W.3d at 42.  Jordan's suit is based upon her claim that she was wrongfully terminated in

---

[1]TEX. GOV'T CODE ANN. §§ 554.001-.010 (Vernon 2004).

violation of the Texas Whistleblower Act. Consequently, the grievance Jordan filed prior to being terminated could not have addressed her wrongful termination under the Texas Whistleblower Act because the termination had not yet occurred. We hold that such a grievance does not meet the requirements of Section 554.006(a) because it fails to address the termination, which is the subject of this lawsuit. Consequently, Jordan failed to meet the jurisdictional prerequisite required by the statute before initiating a whistleblower claim. Accordingly, we overrule both her issues on appeal.

The judgment is affirmed.


JOHN G. HILL

JUSTICE


May 14, 2009

Panel consists of: Wright, C.J.,
McCall, J., and Hill, J.[2]

---

[2]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.