**FORT BEND INDEPENDENT SCHOOL DISTRICT,**
Appellant,

v.

**Alice GAYLE, Appellee.**

No. 01–11–00788–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 5, 2012.

Lisa A. Brown, Thompson & Horton LLP, Houston, TX, for Appellant.

Ellen Sprovach, Rosenberg & Sprovach, Houston, TX, for Appellee.

Panel consists of Justices HIGLEY, MASSENGALE, and BROWN.

## OPINION

HARVEY BROWN, Justice.

Fort Bend Independent School District (the "school") appeals from the trial court's denial of its plea to the jurisdiction, which challenges Alice Gayle's whistleblower suit against the school. In three issues, the school contends that the trial court erred in denying its plea to the jurisdiction because Gayle failed to "initiate" the school's grievance procedures—a jurisdictional prerequisite to suit. Because we conclude that Gayle properly initiated the school's grievance procedure before filing her whis-

tleblower action, we affirm the trial court's denial of the school's plea to the jurisdiction.

## Background

Gayle was employed as an administrator at Fort Bend Independent School District. She resigned in early November 2010, after learning that the school's administration had recommended her termination. On Friday, November 19, Gayle's legal counsel sent a written grievance to the school, asserting that Gayle had been constructively discharged in retaliation for reporting the school's failure to comply with certain requirements of the Even Start Family Literacy Grant.

The school received the grievance on Monday, November 22, and contacted Gayle's counsel to schedule a grievance hearing pursuant to the school's grievance policy. The school suggested December 3 or 6, after the school's Thanksgiving holidays, as potential dates for the grievance hearing. Gayle's counsel stated that she was unavailable on December 6 but would check her schedule for December 3 and call back. On November 30,[1] the school, not having heard back from Gayle's counsel, sent her an email reminding her that she was checking her availability for December 3 and asking her to "[p]lease let me know as soon as possible if you would like to schedule the grievance conference for December 3 at 9:00 a.m., or if you would prefer to try to schedule the conference for another mutually agreeable date and time." The following day, Gayle's counsel responded to the email, stating "I am so sorry to take this long to respond to you. I would prefer to schedule the conference for a mutually agreeable date and time," but stated nothing else about scheduling the grievance hearing.

When Gayle's counsel did not suggest any dates or times agreeable to her, the school again suggested hearing dates: December 10 or 13. Gayle's counsel did not respond. On December 9, the school followed up again, asking that Gayle's counsel suggest alternative dates if she was unavailable on the dates offered. On Friday, December 10, Gayle's counsel replied that she was unavailable for the dates offered by the school but had availability in the first two weeks of January. The school responded the following Tuesday, December 14, with suggested dates of January 6, 7, or 10. Gayle's counsel did not respond until Friday, January 7, stating that the school's email reply had gone into her "junk mail," where she had just discovered it. She stated that she was unavailable on the dates offered by the school but was available on January 13, 14, 18 or 19. On Monday, January 10, the school responded with available hearing times on January 13 and 14. On January 12, Gayle's counsel confirmed her availability for the hearing on January 14. The next day—the day before the scheduled grievance hearing—Gayle filed this whistleblower lawsuit against the school. Her counsel then sent the school a notice that she had filed a lawsuit and that the grievance hearing was therefore "moot."

The school filed a plea to the jurisdiction, asserting that Gayle had not complied with its grievance procedure's hearing requirement and, thus, had not satisfied the Texas Whistleblower Act's jurisdictional prerequisites to suit. The trial court denied the school's plea, and this appeal followed. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8).

---

1. The school was closed for Thanksgiving from November 24 through November 26, 2010.

### Standard of Review

The school's plea to the jurisdiction is a dilatory plea that seeks dismissal of Gayle's claims against it for lack of subject-matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000); *Univ. of Houston v. Barth,* 178 S.W.3d 157, 160–61 (Tex.App.-Houston [1st Dist.] 2005, no pet.). Subject-matter jurisdiction is essential to the authority of a court to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 443 (Tex.1993); *Barth,* 178 S.W.3d at 161. The existence of subject-matter jurisdiction is a question of law that we review de novo. *State Dep't of Hwys. & Pub. Transp. v. Gonzalez,* 82 S.W.3d 322, 327 (Tex.2002); *Kamel v. Univ. of Tex. Health Sci. Ctr. at Houston,* 333 S.W.3d 676, 681 (Tex.App.-Houston [1st Dist.] 2010, pet. denied).

When a plea to the jurisdiction challenges the existence of jurisdictional facts, we apply a standard of review that mirrors the standard applicable to traditional summary judgments. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 228 (Tex.2004); *see also* Tex.R. Civ. P. 166a(c). The school bore the initial burden of establishing that one or more facts necessary to jurisdiction does not exist. *See id.* (observing that this standard protects claimant from having to put on her case simply to establish jurisdiction); *Porretto v. Patterson,* 251 S.W.3d 701, 711 (Tex. App.-Houston [1st Dist.] 2007, no pet.). If the school satisfied its initial burden, the burden shifted to Gayle to put on evidence raising a fact issue as to jurisdiction. *Miranda,* 133 S.W.3d at 228; *Patterson,* 251 S.W.3d at 711. In determining whether these burdens have been met, we review the evidence in the light most favorable to Gayle, indulging every reasonable inference in her favor and resolving any doubts in her favor. *Miranda,* 133 S.W.3d at 228.

### The School's Plea to the Jurisdiction

The school asserts that the trial court lacks jurisdiction over Gayle's whistleblower action because filing a written notice of grievance but then refusing to participate in a hearing did not satisfy the Whistleblower Act's requirement that she "initiate" a grievance and allow the school sixty days to attempt to resolve the grievance before filing suit. *See W. Houston Charter Sch. Alliance v. Pickering,* No. 01–10–00289–CV, 2011 WL 3612288, at *8 (Tex. App.-Houston [1st Dist.] Aug. 18, 2011, no pet.); *Aguilar v. Socorro Indep. Sch. Dist.,* 296 S.W.3d 785, 789–90 (Tex.App.-El Paso 2009, no pet.). Gayle responds that her written notice of grievance was sufficient to satisfy the Act's grievance-initiation requirement. Citing *University of Texas Medical Branch v. Barrett,* she also argues that the proper remedy for a failure to allow the school sixty days to resolve her grievance is abatement, not dismissal. 159 S.W.3d 631, 632 & n. 5 (Tex.2005).

### A. The Whistleblower Act's grievance-initiation requirement

As a prerequisite to initiating suit under the Whistleblower Act, a claimant must first "initiate action under the grievance or appeal procedures" of her governmental employer. Tex. Gov't Code Ann. § 554.006(a) (West 2004). After the claimant initiates the grievance or appeal, the employer has sixty days to address the dispute through its administrative process before the claimant may file a lawsuit. *Id.* § 554.006(d). "If a final decision is not rendered before the 61st day after the date [grievance or appeal] procedures are initiated," the claimant has two choices: she may either exhaust the remedies available to her under the employer's grievance procedure or terminate the grievance and file suit. *Id.* Thus, section 554.006 does

not require a claimant to exhaust her administrative remedies before filing suit; instead, she is only required to initiate the grievance or appeal and allow the grievance authority sixty days in which to render a decision. *See Barrett*, 159 S.W.3d at 632; *Pickering*, 2011 WL 3612288, at *8; *Hitchcock Indep. Sch. Dist. v. Walker*, No. 01–10–00669–CV, 2010 WL 5117912 (Tex. App.-Houston [1st Dist.] Dec. 16, 2010, no pet.) (mem. op.).

██ The goal of section 554.006 is "to afford the governmental entity with the opportunity to investigate and correct its errors and to resolve disputes before incurring the expense of litigation." *Pickering*, 2011 WL 3612288, at *8 (quoting *Walker*, 2010 WL 5117912, at *6); *see also Fort Bend Indep. Sch. Dist. v. Rivera*, 93 S.W.3d 315, 318 (Tex.App.-Houston [14th Dist.] 2002, no pet.) (section 554.006 is "intended to afford the governmental entity an opportunity to correct its errors by resolving disputes before facing litigation, as the expense of litigation is borne ultimately by the public"). The grievance—initiation requirement is a jurisdictional prerequisite, such that compliance is essential to the trial court's jurisdiction over a whistleblower action. *Barth*, 178 S.W.3d at 161–62. When a plaintiff has not satisfied this requirement, her lawsuit is barred by governmental immunity and must be dismissed. *See id.*

## B. The school's grievance policy

The school's grievance policy allows employees to initiate a formal grievance process by filing a written complaint with the appropriate school administrator within ten days of the complained-of school action. Once the complaint is filed, the administrator "shall investigate as necessary and hold a conference with the employee within ten District business days after receipt of the written complaint." The administrator must then provide the employee a written response to her complaint within ten business days after the hearing, setting forth the basis for the administrator's decision. If the employee is not satisfied with the administrator's decision, she may file a written appeal to the Human Resources Department within ten business days after receiving the written response. The grievance policy also provides for a subsequent appeal to the school board if the employee is not satisfied with the Human Resources Department's decision.

## C. Gayle's initiation of formal grievance

██ Gayle contends that she satisfied section 554.006 by filing her written notice of grievance pursuant to the school's grievance policy. The school admits that Gayle filed a written notice of grievance and does not contend that the notice failed to conform to its grievance procedure. Instead, the school contends section 554.006 requires Gayle to do more than file the notice and stall until she files suit—it requires her to participate in the school's grievance procedure during the government-mandated sixty-day period so that the school has an opportunity to investigate and resolve the dispute before incurring litigation costs. By thwarting the school's efforts to have a hearing—the second step in the school's grievance procedure—the school asserts that Gayle failed to "initiate" a grievance in accordance with the school's procedure.

Section 554.006 of the Texas Government Code provides:

(a) A public employee must initiate action under the grievance or appeal procedures of the employing state or local governmental entity relating to suspension or termination of employment or adverse personnel action before suing under this chapter.

(b) The employee must invoke the applicable grievance or appeal procedures not later than then 90th day after the date on which the alleged violation of this chapter:

    (1) occurred; or

    (2) was discovered by the employee through reasonable diligence.

(c) Time used by the employee in acting under the grievance or appeal procedures is excluded, except as provided by Subsection (d), from the period established by Section 554.005.

(d) If a final decision is not rendered before the 61st day after the date procedures are initiated under Subsection (a), the employee may elect to:

    (1) exhaust the applicable procedures under Subsection (a), in which event the employee must sue not later than the 30th day after the date those procedures are exhausted to obtain relief under this chapter; or

    (2) terminate procedures under Subsection (a), in which event the employee must sue within the time remaining under Section 554.005 to obtain relief under this chapter.

TEX. GOV'T CODE ANN. § 554.006(a).

■■■ " '[T]he Act does not dictate what actions are required to "initiate" the appeals procedure.' " *Walker*, 2010 WL 5117912, at *3 (quoting *Moore v. Univ. of Houston–Clear Lake*, 165 S.W.3d 97, 102 (Tex.App.-Houston [14th Dist.] 2005 no pet.)). Texas courts of appeals have addressed a number of disputes over whether a claimant's actions were sufficient to "initiate" a grievance or appeal procedure within the meaning of the statute and have focused on the need to provide reasonable notice "that is, fair notice of the employee's intent to appeal a disciplinary decision and notice of which decision [ ] the employee intends to appeal." *Walker*, 2010 WL 5117912, at *3 (internal quotes and cita-

tions removed) (quoting *Tarrant Cnty. v. McQuary*, 310 S.W.3d 170, 177 (Tex.App.-Fort Worth 2010, pet. denied)).

The school acknowledges that, after the legislature revised section 554.006(a) in 1995 to require initiation rather than exhaustion of a governmental employer's administrative procedure, complete exhaustion is not required. But, relying on *Pickering* and *Aguilar*, the school contends that during the sixty-day resolution period, the employee must (1) give the entity a reasonable opportunity to hear and decide the grievance and (2) attend and meaningfully participate in a hearing mandated by the grievance procedure. *See Pickering*, 2011 WL 3612288, at *8; *Aguilar*, 296 S.W.3d at 789–90. The school asserts that Gayle has not satisfied the initiation requirement of subsection (a) because she failed to participate meaningfully in the grievance process for sixty days before filing her lawsuit. Thus, the school contends, she circumvented the purpose of the statute: to give the governmental entity "the opportunity to investigate and correct its errors and to resolve [this dispute] before incurring the expense of litigation." *Pickering*, 2011 WL 3612288, at *8 (quoting *Walker*, 2010 WL 5117912, at *6, internal quotes removed); *Aguilar*, 296 S.W.3d at 789–90 (using same language).

In *Pickering*, this Court recognized that, even if a school has notice of an employee's complaint, that notice will not satisfy section 554.006 if the employee refuses to initiate a grievance that complies with the employer's procedure for grievances. 2011 WL 3612288, at *8. Pickering sent a letter to her school district employer in which she voiced her complaints regarding the school's handling of her employment dispute and stated that she wished to appeal the school's decision through a hearing

before an impartial hearing officer or panel on a specified date. *Id.* at *3. The school responded by informing Pickering that the school had a grievance procedure and she could initiate a grievance pursuant that procedure, of which it provided her a copy. *Id.* at *4. The appellate record did not show that Pickering took any further action to initiate a grievance pursuant to the school's procedure. *Id.* Instead, she argued that she was exempt from the grievance procedure. *Id.* at *5. We determined that she was not exempt and had not initiated a grievance pursuant to the school's grievance procedure, and therefore, the school was entitled to dismissal of Pickering's lawsuit. *Id.* at *5–9; *see also Ruiz v. Austin Indep. Sch. Dist.*, No. 03–02–00798–CV, 2004 WL 1171666, at *7 (Tex.App.-Austin May 27, 2004, no pet.) (holding that employee who had copy of grievance procedure did not satisfy section 554.006 by raising concerns in meetings with school and its attorneys when employee failed to formally initiate a grievance).

This case is distinguishable from *Pickering* for two reasons. First, *Pickering* did not address the issue presented here of whether the initiation requirement mandates participation in a hearing after a properly filed grievance. Second, unlike Pickering, Gayle initiated a grievance in precisely the manner provided for under the school's grievance procedure. This distinction is fundamental to the outcome of the case—section 554.006(a) requires only that Gayle "initiate action under the [school's] grievance or appeal procedures." TEX. GOV'T CODE ANN. § 554.006(a). Gayle did this; Pickering did not. *See Pickering*, 2011 WL 3612288, at *8.

In *Aguilar*, the employee's attorney filed a grievance and attended the arbitration hearing but refused to participate in the hearing. *Aguilar*, 296 S.W.3d at 786–87. Aguilar's attorney admitted that the grievance was filed simply to comply with the administrative procedures and that the proper forum would be a court of law. *Id.* at 790. The El Paso court stated that "[b]y not complying with the arbitrator's requests for information or presenting information that would allow the arbitrator to reach a decision, Aguilar's action did not serve the purpose of the statute—to afford the employer 'the opportunity to correct its errors by resolving disputes before being subjected to the expense and effort of litigation.'" *Id.* (quoting *Marin*, 19 S.W.3d at 441). Asserting that "Aguilar's tactical decision completely circumvent[ed] the purpose of Section 554.006," the court affirmed the trial court's dismissal for lack of jurisdiction. *Id.*

This case is factually distinguishable from *Aguilar*. Unlike Aguilar, who refused to prove the school with any information with which to attempt to investigate and resolve his complaint, Gayle filed a lengthy complaint containing detailed information about her allegations. Moreover, to the extent *Aguilar* supports the school's position that a claimant who has properly initiated a grievance under the school's procedure must also exhaust all administrative procedures available within the first sixty days after initiation in order to satisfy subsection (a)'s "initiat[ion]" requirement, we decline to adopt that position for three reasons.[2]

First, we must follow the plain language of the statute. While the Legislature may

---

**2.** We do not reject the school's contention that the conduct of Gayle's counsel in this case may have interfered with the school's ability to complete a full investigation, but Gayle's failure to participate in a hearing did not deprive the school from conducting *any* investigation. Once a grievance is initiated, the governmental unit has notice of the claim so it can begin its own investigation of the claim.

have envisioned not merely sixty-days' notice but also sixty-days' participation in the administrative process, the statute requires only "initiat[ion]," and we are bound by that language. A court should interpret a statute by reference to its language alone when the court can do so. *Fresh Coat v. K–2, Inc.*, 318 S.W.3d 893, 901 (Tex.2010). The meaning of "initiate" is plain: it means to commence the process. *See* Shorter Oxford English Dictionary, vol. 1 at 1385 (Sixth ed.2007) (defining "initiate" as "[b]egin, introduce, set going, originate"); The New Oxford American Dictionary (2001) (defining "initiate" as "cause (a process or action) to begin").

Second, engrafting a requirement of meaningful participation into the initiation requirement is contrary to the history of the words used in the statute itself. Not only did the legislature use the word initiate, it replaced the word exhaust and even changed the title of section 554.006 from "Exhaustion of Grievance or Appeal Procedures" to "Use of Grievance or Appeal Procedures." *See* TEX. GOV'T CODE ANN. § 311.023(7) (stating that courts may consider statute's title or caption when construing statute).

■■■ Third, the text of the remainder of the statute supports our interpretation. Subsection (d)'s sixty-day deadline[3] is tied to the date of the initiation of the grievance.[4] The word "initiate" in subsections (a) and (d) must have the same meaning. But "initiate" in subsection (d) cannot mean "the meaningful participation" in the grievance procedure; otherwise, the sixty-day period within which the employee cannot file suit would not commence on the date on which a grievance was filed but only after the employee meaningfully participates in the grievance procedure. This would extend the time during which a claimant was barred from bringing her claims in a court of law. Moreover, the school's attempt to transplant the concept of "meaningful participation" into the initiation requirement would create disputes about when the deadline commenced because the school offers no line to demarcate what quality of participation would satisfy the initiation requirement and the commencement of the sixty-day deadline. If we were to conclude that meaningful participation is required, we would leave parties and trial courts with no guidelines for this critical jurisdictional requirement.

■■■ Our holding does not leave governmental entities without a remedy when a claimant initiates the grievance procedure but prematurely files suit before the expiration of the sixty-day statutory period for pursuing the grievance. When a claimant has timely initiated a school's grievance procedure, the remedy for a failure to allow the school its sixty-day period for administrative adjudication is abatement, not dismissal. *Barrett*, 159 S.W.3d at 632–33 (holding that, when school employee filed whistleblower action against school only twenty-seven days after initiating grievance procedure, proper remedy was to abate suit until end of sixty-day period). The school asserts that *Barrett* is no longer good law because, when *Barrett* was decided, it was unclear whether compliance with Section 554.006(a) was jurisdictional. Since then, the legislature has enacted

---

3. This deadline was designed to protect the employee from unfair delays by the employer. *Gregg County v. Farrar*, 933 S.W.2d 769, 776 (Tex.App.-Austin 1996, writ denied).

4. Before the 1995 amendments, subsection (d) provided that Section 554.006 was inapplicable "if a final decision is not rendered before the 31st day after the date on which the employee initiated the grievance or appeal." Act of May 22, 1993, 73rd Leg., R.S., ch. 268, § 1, 1993 Tex. Gen. Laws 583, 610 (amended 1995).

Section 311.034 of the Government Code, which specifically provides the statutory prerequisites to suit are jurisdictional in nature. TEX. GOV'T CODE ANN. § 311.034. The decision in *Barrett*, however, did not rest on the issue of whether section 554.006(a) was jurisdictional—an issue the *Barrett* court expressly declined to reach. *Barrett*, 159 S.W.3d at 632–33. Instead, the Texas Supreme Court held that, regardless of whether section 554.006(a)'s initiation requirement was jurisdictional, the cure for a prematurely filed action was abatement. *Id.* Thus, *Barrett* was not overruled by the enactment of section 311.034, and it continues to require abatement when a claimant properly initiated a grievance under a school's grievance procedure pursuant to section 554.006(a) but then failed to allow the school sixty days within which to render a decision under section 554.006(d).

The school cites *Montgomery County Hospital District v. Smith* as distinguishing *Barrett* and dismissing, rather than abating, a whistleblower action against a governmental entity. 181 S.W.3d 844, 851 (Tex.App.-Beaumont 2005, no pet.). But that case involved a claimant who failed to initiate a grievance or appeal, not a claimant who properly initiated a grievance or appeal but then failed to participate in the grievance process during the sixty-day period allotted to the governmental entity for administrative resolution of the dispute.[5] *See id.*

We hold that dismissal for lack of jurisdiction is not an available remedy when the claimant has properly initiated a grievance in compliance with the school's grievance policy. Whether the school is entitled to abatement to allow it additional time in which to conduct any investigation

and hearing process prevented by Gayle's counsel's conduct is not before us.

### Conclusion

We affirm the trial court's order denying the school's plea to the jurisdiction.

*School District v. Watley,* 216 S.W.3d 374, 379–80 (Tex.App.-Eastland 2006, no pet.).

---

5. We also note that Gayle did not withdraw her grievance immediately after initiating it, as the claimant did in *Midland Independent*