

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00006-CV

FORT WORTH INDEPENDENT                                  APPELLANT
SCHOOL DISTRICT

V.

JOSEPH PALAZZOLO                                         APPELLEE

----------

## FROM THE 271ST DISTRICT COURT OF WISE COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Fort Worth Independent School District (FWISD) appeals the trial court's denial of its motion for summary judgment challenging Appellee Joseph Palazzolo's claims under the Texas Whistleblower Act. In two issues, FWISD

---

[1]*See* Tex. R. App. P. 47.4.

argues that the trial court lacks subject-matter jurisdiction over Palazzolo's claims. We will reverse and render.

## II. BACKGROUND

FWISD employed Palazzolo as an assistant principal at Arlington Heights High School (AHHS). Between late 2009 and mid-2010, Palazzolo reported to several organizations and FWISD officials that FWISD employees had falsified student attendance records, misused booster club funds, improperly enforced disciplinary procedures against minority students, and engaged in inappropriate sexual relationships with each other.

In mid-June 2010, Palazzolo received an appraisal report issued by the principal of AHHS that provided in relevant part that Palazzolo "need[ed] improvement" in a particular aspect of his position as an assistant principal. Around the same time, Palazzolo learned that he had been reassigned from AHHS to an assistant principal position at the International Newcomers Academy (INA) for the upcoming 2010–2011 school year. Palazzolo's pay rate would be less than his pay at AHHS.

Palazzolo subsequently filed a Level I grievance with FWISD outlining the reports that he had made and claiming that he had been reassigned to INA in retaliation for making those reports. He sought to have his reassignment to INA revoked, to be paid the same salary that he was paid at AHHS, to have his appraisal report voided, to receive no future threats and be assured of no future retaliation, and to enter into a two-year contract with FWISD.

2

After a conference was held, the hearing officer concluded that Palazzolo had not been reassigned in retaliation for making reports, instead determining that he had been reassigned for other, unrelated matters; explained that Palazzolo's pay rate was not supposed to have been reduced below the amount that he earned as an assistant principal at AHHS; amended Palazzolo's appraisal report to reflect that he met or exceeded expectations in all performance areas; explained that Palazzolo was currently serving the second year of a two-year contract that expired at the conclusion of the 2010–2011 school year; and confirmed that Palazzolo would be treated in compliance with FWISD policy and the law. Shortly thereafter, FWISD reassigned Palazzolo to Western Hills High School (WHHS) at a rate of pay similar to what he had made at AHHS.

Palazzolo pursued a Level II grievance. At a conference on that matter, he indicated that he wanted to remain at WHHS. The hearing officer granted Palazzolo's request and, in response to Palazzolo's previous requests, confirmed that he would be paid an assistant principal's salary for the upcoming year, confirmed that his appraisal report had been amended, explained that he was serving the second year of a two-year contract, and assured him that he would be treated in a manner consistent with FWISD policy and the law.

Thereafter, Palazzolo pursued a Level III grievance. At the hearing on that matter, he told the FWISD Board of Trustees that he had "no problem being reassigned," that he was "fine with either school, Arlington Heights or Western Hills," and that he was "fine with the evaluation" that he had previously

3

challenged and that had been amended. The Board voted that no action be taken at the time on Palazzolo's whistleblower claims.

Approximately two weeks later, Palazzolo sued FWISD for violating the Whistleblower Act. He alleged that FWISD retaliated against him for making the reports by (1) transferring him from AHHS, (2) making the negative appraisal report, and (3) lifting a trespass warning against the parent of an AHHS student who had allegedly threatened his daughter when she was a student at AHHS. FWISD moved for summary judgment on Palazzolo's claims regarding the transfer and the appraisal report, arguing that Palazzolo had failed to establish a waiver of FWISD's governmental immunity because he did not properly initiate FWISD's grievance process. FWISD also moved for summary judgment on Palazzolo's trespass-warning claim, arguing that the trial court lacked subject-matter jurisdiction over that claim because FWISD's lifting of the trespass warning was not an adverse employment action. The trial court denied FWISD's motion in its entirety, and this accelerated, interlocutory appeal followed. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2013).

### III. INITIATION REQUIREMENT

In its first issue, FWISD argues that the trial court erred by denying its motion for summary judgment as to Palazzolo's transfer and appraisal-report claims because by advising the Board of Trustees at the Level III grievance hearing that he had "no problem being reassigned" and that he was "fine" with the appraisal report, Palazzolo circumvented the purpose of—and therefore

4

failed to satisfy—the Whistleblower Act's administrative initiation requirement. According to FWISD, because initiation is a jurisdictional prerequisite to maintaining suit, the trial court lacked subject-matter jurisdiction over Palazzolo's claims.

Palazzolo responds that he timely initiated FWISD's grievance procedure, that he had no obligation to participate in the process, and that FWISD did not redress all of the relief that he had requested in his grievance.

The absence of subject-matter jurisdiction may be raised in a motion for summary judgment. *Bland ISD v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). In a summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). Once the movant produces sufficient evidence to establish the right to summary judgment, the burden shifts to the nonmovant to come forward with competent controverting evidence that raises a fact issue. *Van v. Pena*, 990 S.W.2d 751, 753 (Tex. 1999). If the evidence creates a fact question regarding jurisdiction, the trial court cannot grant the motion, and the fact question will be resolved by the factfinder. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227–28 (Tex. 2004). We review the trial court's ruling de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).

5

The Whistleblower Act provides that a "state or local governmental entity may not suspend or terminate the employment of, or take other adverse personnel action against, a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority." Tex. Gov't Code Ann. § 554.002(a) (West 2012). The Act also contains an express waiver of the State's sovereign immunity. *See id.* § 554.0035 (West 2012). However, before filing suit, a claimant "must *initiate* action under the grievance or appeal procedures of the employing state or local governmental entity relating to suspension or termination of employment or adverse personnel action." *Id.* § 554.006(a) (West 2012) (emphasis added). If a final decision is not rendered before the sixty-first day after the date procedures are initiated, the employee may elect to exhaust the applicable procedures previously initiated or terminate procedures and timely file suit. *Id.* § 554.006(d)(1), (2).

This court, like other courts, has previously determined that section 554.006(a)'s initiation requirement is a jurisdictional prerequisite, such that compliance is essential to the trial court's jurisdiction over a claimant's whistleblower action. *See Tarrant Cnty. v. McQuary*, 310 S.W.3d 170, 174 (Tex. App.—Fort Worth 2010, pet. denied); *see also* Tex. Gov't Code Ann. § 311.034 (West 2013) ("Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity."); *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 510–11 (Tex. 2012) (reasoning that

6

section 311.034, as amended, "evinces the Legislature's intent that all statutory prerequisites are now jurisdictional requirements as to governmental entities and are properly asserted in a plea to the jurisdiction"); *Fort Bend ISD v. Gayle*, 371 S.W.3d 391, 394–95 (Tex. App.—Houston [1st Dist.] 2012, pet. denied); *Jordan v. Ector Cnty.*, 290 S.W.3d 404, 406 (Tex. App.—Eastland 2009, no pet.). Thus, Palazzolo's transfer and appraisal-report claims are barred by governmental immunity and must be dismissed if he did not satisfy section 554.006(a)'s initiation requirement.[2] *See Univ. of Houston v. Barth*, 178 S.W.3d 157, 161–62 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

The Whistleblower Act does not dictate what actions are required to "initiate" a grievance or appeals procedure, but we must proceed with the understanding that the goal of section 554.006 is to afford the governmental entity an opportunity to investigate and correct its errors and to resolve disputes before incurring the expense of litigation. *See Leyva v. Crystal City*, 357 S.W.3d 93, 99 (Tex. App.—San Antonio 2011, no pet.); *City of Fort Worth v. Shilling*, 266 S.W.3d 97, 102 (Tex. App.—Fort Worth 2008, pet. denied). In light of the parties' arguments, several cases are particularly instructive here.

In *Aguilar v. Socorro Independent School District*, the school district reassigned Aguilar from his position as Assistant Superintendent of Operational

---

[2]We consequently reject Palazzolo's argument that this case should be abated if we conclude that he failed to comply with section 554.006(a)'s initiation requirement.

7

Services to an assistant principal position after he notified the superintendent that he was working in conjunction with state and federal authorities in an ongoing criminal investigation. 296 S.W.3d 785, 786 (Tex. App.—El Paso 2009, no pet.). Aguilar filed a grievance with the school district, complaining of the alleged demotion, but he refused to fully participate in the arbitration hearing that followed. *Id.* at 786–87. The trial court granted the school district's plea to the jurisdiction, finding that Aguilar had failed to properly grieve his reassignment, and on appeal, Aguilar argued that he satisfied section 554.006's initiation requirement by filing a grievance and obtaining a recommendation. *Id.* at 787–88. The court of appeals rejected Aguilar's argument. It acknowledged that the legislature had amended section 554.006 from requiring a claimant to *exhaust* any applicable grievance or appeal procedure to requiring a claimant to *initiate* a grievance or appeal procedure, a fact that Aguilar emphasized, but it found persuasive a Fourth Court of Appeals decision reasoning that "[t]o take the Legislature's action in substituting the word 'initiate' for the word 'exhaust' in sub-section (a) to mean that an employee could initiate a grievance procedure and then, two minutes, two hours, or two days later, file a lawsuit under the Whistle-Blower Act would not only render the remainder of the statute meaningless, it would completely abdicate the purpose of Section 554.006." *Id.* at 789 (quoting *City of San Antonio v. Marin*, 19 S.W.3d 438, 441 (Tex. App.—San Antonio 2000), *disapproved of on other grounds by Univ. of Tex. Med. Branch at Galveston v. Barrett*, 159 S.W.3d 631, 633 n.7 (Tex. 2005)). The court

8

concluded that Aguilar had circumvented the goal of the statute, thereby failing to satisfy the jurisdictional prerequisite:

> By not complying with the arbitrator's requests for information or presenting information that would allow the arbitrator to reach a decision, Aguilar's action did not serve the purpose of the statute— to afford the employer "the opportunity to correct its errors by resolving disputes before being subjected to the expense and effort of litigation." Allowing a complainant to simply file a grievance and then refuse to participate in the grievance hearing before filing suit is analogous to the situation where a complainant files a grievance then files suit immediately thereafter. Aguilar's tactical decision completely circumvent[ed] the purpose of Section 554.006.

*Id.* at 790 (citations removed).

In *Fort Bend Independent School District v. Gayle*, Gayle resigned her job as an administrator after learning that the school's administration had recommended her termination. 371 S.W.3d at 393. Her attorney then sent a written grievance to the school district, claiming that Gayle had been constructively discharged in retaliation for reporting the school's failure to comply with requirements of the Even Start Family Literacy Grant. *Id.* Thereafter, nearly two months elapsed before Gayle's attorney and the school district were able to agree on a date for the grievance hearing. *Id.* The day before the grievance hearing was to occur, however, Gayle filed her whistleblower suit, and her attorney notified the school that the grievance hearing was moot. *Id.* The trial court denied the school district's plea to the jurisdiction. *Id.* On appeal, the school district acknowledged that Gayle had properly filed a grievance, but citing *Aguilar*, it argued that she had failed to satisfy section 554.006's initiation

9

requirement because she did not participate meaningfully in the school district's grievance procedure during the government-mandated sixty-day period. *Id.* at 395–96. Relying upon the statute's text—principally, that a claimant must initiate, not exhaust, a grievance or appeal procedure—the court of appeals disagreed that section 554.006 requires a claimant to participate in a hearing after properly filing a grievance. *Id.* at 396–99. The court thus concluded that Gayle had satisfied section 554.006's initiation requirement by merely properly filing a grievance before filing her whistleblower action. *Id.*

Although it may appear so at first glance, *Aguilar* and *Gayle* are not irreconcilable. *Aguilar* did not hold—contrary to *Gayle*'s holding—that a claimant who properly files a grievance *must* further meaningfully participate in that procedure. Rather, the *Aguilar* court concluded that the claimant had failed to satisfy section 554.006 because, although he filed a grievance and obtained a recommendation, he *additionally* made the "tactical decision [to] completely circumvent[] the purpose of Section 554.006" by not complying with the arbitrator's requests for information or presenting information that would have allowed the arbitrator to reach a decision. 296 S.W.3d at 790. Thus, as we construe both *Gayle* and *Aguilar*, a claimant satisfies section 554.006's initiation requirement by timely invoking the governmental entity's grievance or appeal procedure before filing a whistleblower action; however, if a party who invokes a grievance or appeal procedure goes on to actively circumvent the governmental entity's efforts to redress the complained-of conduct, that party does not comply

with section 554.006's initiation requirement. This makes sense because, as the *Gayle* court observed, "Once a grievance is initiated, the governmental unit has notice of the claim so it can begin its own investigation of the claim." *Gayle*, 371 S.W.3d at 397 n.2.; *see McQuary*, 310 S.W.3d at 178 ("[T]he governmental entity must be given reasonable notice that it has, in fact, made a mistake that can be resolved before a lawsuit is filed."). But if a party proceeds to actively circumvent that investigation, section 554.006's initiation requirement—which is meant to afford the governmental entity an opportunity to investigate and correct its errors and to resolve disputes before incurring the expense of litigation—is rendered meaningless.

Here, Palazzolo filed grievances against FWISD, *see Gayle*, 371 S.W.3d at 396–99, but that does not end our inquiry. *See Aguilar*, 296 S.W.3d at 790. At the Level III grievance hearing, Palazzolo informed the Board that he was "fine with [working at] either school, Arlington Heights or Western Hills," and that he was "fine with the evaluation" that he had previously challenged and that had been amended to reflect that he met or exceeded expectations in all performance areas. Having informed the Board that his transfer and appraisal-report complaints were resolved, Palazzolo effectively led the Board to believe that as to those complaints, there was no further investigation that needed to occur and, equally important, no need to correct any potential misconduct allegedly committed by FWISD. Although Palazzolo's conduct does not appear to be as brazen as the claimant's conduct in *Aguilar*, the effect is nonetheless the same—

11

Palazzolo actively circumvented FWISD's efforts to redress the complained-of conduct by advising the Board that he had no dispute with his transfer and appraisal report.[3]

Palazzolo argues that the grievance process did not redress all of the matters that he raised in his grievance and that he is entitled to seek to recover actual damages, including mental anguish damages, for the matters that were not part of the redress provided by FWISD.  However, we are only concerned here with the claims that Palazzolo has alleged in this litigation:  as it is relevant to this first issue, the transfer claim and the appraisal-report claim.  There is no dispute that these two matters were fully addressed at the Level III grievance hearing, and Palazzolo has not asserted any other claims in this litigation derived from one of the grounds that was set out in his grievance and that was allegedly not addressed.

We hold that FWISD met its burden to demonstrate as a matter of law that Palazzolo did not properly initiate FWISD's grievance process and that Palazzolo failed to come forward with evidence raising a fact question as to whether he initiated a grievance under FWISD's grievance process.  Because there is no evidence that Palazzolo complied with section 554.006's initiation requirement, a jurisdictional prerequisite, we hold that the trial court erred by denying FWISD's

---

[3]As to Palazzolo's whistleblower complaints, the Board voted to not take any action on the day of the hearing.

12

motion for summary judgment as to Palazzolo's transfer and appraisal-report claims. We sustain FWISD's first issue.

## IV. TRESPASS WARNING

In its second issue, FWISD argues that the trial court erred by denying its motion for summary judgment as to Palazzolo's claim that FWISD retaliated against him by lifting a trespass warning against the parent of an AHHS student. According to FWISD, because lifting the trespass warning was not an adverse employment action within the meaning of the Whistleblower Act, Palazzolo failed to allege a violation of the Act and FWISD retained its immunity from suit, thus depriving the trial court of subject-matter jurisdiction.

The Whistleblower Act provides that "[a] public employee who *alleges a violation of this chapter* may sue the employing state or local governmental entity for the relief provided by this chapter." Tex. Gov't Code Ann. § 554.0035 (emphasis added). The Supreme Court of Texas has interpreted this language to mean that the elements of a whistleblower claim "can be considered to determine both jurisdiction and liability." *State v. Lueck*, 290 S.W.3d 876, 883 (Tex. 2009). Thus, the elements of a whistleblower claim "must be included within the pleadings so that the court can determine whether they sufficiently allege a violation under the Act to fall within" the waiver of immunity from suit provided by section 554.0035. *Id.* at 884.

To prevail on a claim under the Whistleblower Act, a public employee must demonstrate that he suffered an adverse employment action committed by the

13

employer. *See* Tex. Gov't Code Ann. § 554.002. "[A] personnel action is adverse within the meaning of the Whistleblower Act if it would be likely to dissuade a reasonable, similarly situated worker from making a report under the Act." *Montgomery Cnty. v. Park*, 246 S.W.3d 610, 614 (Tex. 2007). Several nonexclusive factors that may be relevant to the inquiry include whether the alleged adverse personnel action negatively affected the employee's prestige, opportunity for advancement, working conditions, pay or income, or ability to obtain outside employment. *See id.* at 615. An employee must establish a but-for causal nexus between the protected activity and the employer's prohibited conduct. *See City of Fort Worth v. Zimlich*, 29 S.W.3d 62, 67 (Tex. 2000).

Here, Palazzolo alleged that FWISD retaliated against him by lifting a trespass warning against the parent of an AHHS student who had allegedly threatened his daughter when she was a student at AHHS. However, Palazzolo's summary judgment evidence confirms that FWISD did not lift the trespass warning until after he had been reassigned to another school and after he had made the decision to remove his daughter from AHHS. We hold that, as a matter of law, FWISD's lifting the trespass warning after Palazzolo had been reassigned to another school and after he decided to remove his daughter from AHHS was not an adverse employment action within the meaning of the Whistleblower Act. *See Montgomery*, 246 S.W.3d at 614; *Zimlich*, 29 S.W.3d at 67. Accordingly, the trial court erred by denying FWISD's motion for summary

14

judgment as to Palazzolo's trespass-warning claim. We sustain FWISD's second issue.[4]

## V. CONCLUSION

Having sustained FWISD's two issues, we reverse the trial court's judgment denying FWISD's motion for summary judgment and render judgment that Palazzolo take nothing on his claims under the Whistleblower Act. *See* Tex. R. App. P. 43.2(c).

BILL MEIER
JUSTICE

PANEL: DAUPHINOT, MCCOY, and MEIER, JJ.

DAUPHINOT, J. concurs without opinion.

DELIVERED: January 9, 2014

---

[4]We need not address FWISD's arguments that the trial court abused its discretion by denying its objections to Palazzolo's summary judgment arguments and evidence. *See* Tex. R. App. P. 47.1.