**Reverse in part and Remand and Memorandum Opinion filed January 30, 2025**



In The

# Fifteenth Court of Appeals

### NO. 15-24-00069-CV

**TEXAS A&M UNIVERSITY DEPARTMENT OF TRANSPORTATION, PARKING SERVICES DEPARTMENT, Appellant**

**V.**

**JEFFREY RICHMOND REEVES AND TOM DAVID GRIMM, Appellees**

**On Appeal from the**
**Brazos County, Texas**
**Trial Court Cause No. 23-002470-CV-472**

## OPINION

This interlocutory appeal arises from a dispute about whether the Legislature has waived immunity for an employee to sue a state university for alleged retaliation in response to reporting wrongful conduct in the workplace. Appellees Jeffrey Richmond Reeves and Tom David Grimm, appearing pro se, brought suit alleging that Appellant Texas A&M University Department of Transportation, Parking Services Department ("University") violated the Texas Whistleblower Act and Title

VII of the Civil Rights Act when it retaliated against them for reporting misconduct by University personnel.

The University filed a plea to the jurisdiction seeking to dismiss these and other claims filed by Appellees. The trial court granted the motion as to all of Reeves's claims except the Whistleblower Act and Title VII claims. The record does not reflect that the trial court ruled on the plea as to Grimm's claims. The University then filed this appeal challenging the trial court's denial of its plea as to Reeves's Whistleblower Act and Title VII claims.[1]

Because Reeves's pleadings fail to sufficiently allege facts establishing that the University's sovereign immunity was waived for his Whistleblower Act and Title VII claims, we reverse the trial court's order with respect to those claims. However, because Reeves's pleadings do not affirmatively negate the existence of jurisdiction as to these claims, we remand to the trial court to give Reeves an opportunity to amend his pleadings.

During the pendency of this appeal, Appellees filed three motions seeking to dismiss this appeal on procedural and other technical grounds. We deny the motions because they present no adequate basis for dismissing the appeal.

## BACKGROUND

Reeves works for the University. Reeves alleges that the University retaliated against him, in violation of the Texas Whistleblower Act, after he made certain reports to management, the University police department, an investigator from the Brazos County District Attorney's office, and the Texas Rangers. Reeves alleges

---

[1] Appellees seek relief as to claims brought by both Reeves and Grimm. Because the record does not reflect that the trial court ruled on any of Grimm's claims and the University does not make issue of them on appeal, we do not consider Grimm's claims against the University in this opinion.

that he reported various acts of misconduct including University personnel stealing time from the University by working on homework during employment hours, compromising a state computer by downloading HULU on University equipment to watch television during employment hours, fraudulently using a parking permit to allow a coworker to use a University garage without paying for parking, fraudulently reducing parking citations to warnings, and other unspecified instances of fraud, waste, and abuse.

Reeves asserts that University management retaliated against him for reporting this conduct by speaking to Reeves rudely; telling him he was being watched; wrongfully disciplining Reeves for alleged wrongful conduct; forcing Reeves to work in unsafe work conditions; stripping Reeves of certain privileges; giving him a poor performance evaluation; and denying him a promotion, salary adjustment, and a raise. Reeves also alleges that he was a victim of race and gender discrimination in violation of Title VII.

Reeves sued the University in Brazos County district court and later requested a trial by jury. Reeves asserted violations of the Texas Whistleblower Act, the American with Disabilities Act, the federal Whistleblower Act, and Title VII of the Civil Rights Act. He also sued for slander, defamation, health and safety violations, and dereliction of duty.

The University filed a plea to the jurisdiction, asserting that sovereign immunity barred all of Reeves's claims. Alternatively, the University moved to dismiss under Rule 91a of the Texas Rules of Civil Procedure on immunity grounds and because Reeves failed to sufficiently allege any viable claims. The trial court granted the plea and motion in part, dismissing all claims except Reeves's Title VII and Texas Whistleblower Act claims. The trial court denied the plea and motion as to these latter two claims. The University then filed this interlocutory appeal

3

challenging the trial court's denial of its plea with regard to Reeves's Title VII and Texas Whistleblower Act claims.

During the pendency of this appeal, Appellees Reeves and Grimm filed three motions to dismiss this appeal on procedural and other technical grounds.

## STANDARD OF REVIEW

Sovereign immunity implicates a trial court's jurisdiction and is properly raised in a plea to the jurisdiction. *Christ v. Texas Dep't of Transportation*, 664 S.W.3d 82, 86 (Tex. 2023). We review a trial court's ruling on a plea to the jurisdiction, including any questions of statutory construction, de novo. *Chambers-Liberty Cntys. Navigation Dist. v. State*, 575 S.W.3d 339, 345 (Tex. 2019). A plea to the jurisdiction "may challenge the pleadings, the existence of jurisdictional facts, or both." *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). The University's plea challenges Reeves's pleadings. For a plea that "challenges the pleadings, we determine if the plaintiff has alleged facts affirmatively demonstrating subject-matter jurisdiction." *Id.*

In suits against a state entity, the plaintiff bears the burden to prove that the pled facts, if true, affirmatively demonstrate that sovereign immunity either is inapplicable or has been waived. *Matzen v. McLane*, 659 S.W.3d 381, 388, 394 (Tex. 2021). Courts construe the pleadings "liberally in favor of the plaintiffs and look to the pleaders' intent." *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). If the pleadings contain insufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not "affirmatively demonstrate incurable defects in jurisdiction," the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend." *Id.* at 226-27.

4

In its two issues on appeal, the University challenges the trial court's denial of its plea to the jurisdiction against Reeves's Whistleblower and Title VII claims.

First, the University contends that Reeves did not adequately assert a waiver of sovereign immunity under the Whistleblower Act because Reeves did not initiate any grievance proceedings with the University or report any violation of law to law enforcement. Reeves responds that there is no requirement under the Act to initiate a grievance with the University before filing suit. He further argues that he did report violations of law to law enforcement.

Second, the University argues that Reeves failed to plead certain pre-requisites necessary to bring suit under Title VII: (1) that he timely filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination and (2) that he received a statutory notice of a right to sue. Appellees respond that Reeves spoke with the EEOC regarding retaliatory conduct.[2] We consider these arguments in turn.

## I.

The University argues that Reeves failed to plead facts to establish a waiver of sovereign immunity with respect to his Texas Whistleblower Act claim. A violation of the Texas Whistleblower Act "occurs when a governmental entity retaliates against a public employee for making a good-faith report of a violation of law to an appropriate law enforcement authority." *State v. Lueck*, 290 S.W.3d 876, 878 (Tex. 2009) (citing Tex. Gov't Code § 554.002(a)). The Act waives sovereign

---

[2] Although Appellees' Brief raises a Title VII claim for retaliatory conduct, Reeves's pleadings only raise race and gender discrimination. Nonetheless, because Reeves fails to allege receiving a notice of a right to sue for *any* Title VII claim, as shown below, this discrepancy is immaterial for the purposes of this opinion.

immunity "when a public employee alleges a violation of Chapter 554 of the Government Code." *Id.*

Section 554.006 of the Texas Government Code creates a prerequisite to sue under the Act, stating "[a] public employee *must* initiate action under the grievance or appeal procedures of the employing state or local governmental entity relating to . . . adverse personnel action before suing under this chapter." Tex. Gov't Code § 554.006 (emphasis added). Statutory prerequisites to suit are jurisdictional with regard to claims against government entities. *City of Madisonville v. Sims*, 620 S.W.3d 375, 378 (Tex. 2020); Tex. Gov't Code § 311.034. The term "'statutory prerequisite' refers to statutory provisions that are mandatory and must be accomplished prior to filing suit." *Sims*, 620 S.W.3d at 378 (quoting *Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 512 (Tex. 2012)).

Section 554.006 is such a jurisdictional statutory prerequisite—it mandates that public employees initiate grievance procedures with the employing state entity before filing suit. *See id.* It is designed to give governmental entities "the opportunity to investigate and correct its errors and to resolve disputes before incurring the expense of litigation." *Fort Bend Indep. Sch. Dist. v. Gayle*, 371 S.W.3d 391, 395 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (quoting *W. Houston Charter Sch. All. v. Pickering*, No. 01-10-00289-CV, 2011 WL 3612288, at *8 (Tex. App.— Houston [1st Dist.] Aug. 18, 2011, no pet.) (mem. op.)) (determining that the initiation of grievance under Section 554.006 is a jurisdictional prerequisite to sue under the Act). When "a statutory prerequisite to suit is not met, 'whether administrative (such as filing a charge of discrimination) or procedural (such as timely filing a lawsuit),' the suit may be properly dismissed for lack of jurisdiction." *Sim*, 620 S.W.3d at 378 (quoting *Chatha*, 381 S.W.3d at 515).

The University argues that Reeves failed to meet his burden to show that

immunity for the University is waived because he failed to plead that he initiated University grievance procedures for the retaliatory conduct he experienced after reporting fraud, waste, and abuse committed by his coworkers. Here, Reeves pleaded that he reported his allegations of waste, fraud, and abuse to the University and to law enforcement. But he did not plead that he initiated the University's grievance procedures related to the University's alleged retaliatory conduct.

Reeves's pleadings do not suffice to waive immunity for Reeves's retaliation claim. The fraud, waste, and abuse committed by Reeves's coworkers is not identical to the retaliatory conduct. The fraud, waste, and abuse allegations consist of Reeves's coworkers misusing University resources by working on homework and watching television during employment hours and abusing their parking privileges by allowing persons to use the University garage without paying for parking and reducing parking citations to warnings. The retaliatory conduct, on the other hand, consists of the instances of harassment Reeves alleges in his pleadings *as a result of* reporting this conduct, which encompasses University management speaking to Reeves rudely and telling him he was being watched; wrongfully disciplining Reeves; forcing Reeves to work in unsafe work conditions; stripping Reeves of certain privileges; giving him a poor performance evaluation; and denying him a promotion, salary adjustment, and a raise. To establish jurisdiction, Reeves needed to have initiated University grievance procedures for the retaliatory conduct.

Reeves did argue at the trial court hearing on the plea to the jurisdiction that he filed a grievance for retaliation, but a review of his statements at the hearing reveal that they pertain to an internal University investigation into Reeves's supervisor, which Reeves initiated by an internal complaint. At no point does Reeves allege at the hearing or in his pleadings that he reported any of his supervisor's misconduct to law enforcement and that he was retaliated by the University for it.

7

Reeves's internal report to the University does not trigger the Texas Whistleblower Act because the University is not a law enforcement entity. *Univ. of Texas Sw. Med. Ctr. at Dallas v. Gentilello*, 398 S.W.3d 680, 686 (Tex. 2013). Any attempt to replead to reflect this investigation as currently alleged would therefore be futile.

Appellees contend, without citing any law, that the Act does not require Reeves to initiate a grievance with the University before filing suit. We disagree. Section 554.006 makes initiating a grievance a statutory prerequisite to suit. *Reinhardt*, 2015 WL 4899946, at *1; *Gayle*, 371 S.W.3d at 395. This requirement is jurisdictional, so Reeves's failure to allege a grievance means that Reeves failed to invoke the district court's jurisdiction with respect to his Whistleblower Act claim. *Id.* Because we hold that Reeves failed to allege sufficient facts regarding the grievance procedure to establish jurisdiction, we do not reach the University's arguments that his allegations do not constitute a good faith report of one or more violations of law as required by the Act.

## II.

Title VII of the Civil Rights Act prohibits adverse action against an employee "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Title VII also prohibits an employer from retaliating against an employee for opposing such discrimination. *Id.* § 2000e-3(a).

The University contends that Reeves failed to satisfy a statutory prerequisite to suit in Title VII, which "directs that a 'charge ... shall be filed' with the EEOC 'by or on behalf of a person claiming to be aggrieved' within 180 days 'after the alleged unlawful employment practice occur[s].'" *Fort Bend Cnty., Tex. v. Davis*, 587 U.S. 541, 550 (2019) (quoting 42 U.S.C. § 2000e–5(b), (e)(1)). This statutory language establishes a "precondition to the commencement of a Title VII action in Court," *id.* at 543, and it is designed to "trigger the investigatory and conciliatory procedures of

8

the EEOC, in an attempt to achieve non-judicial resolution of employment discrimination claims." *Pacheco v. Mineta*, 448 F.3d 783, 788–89 (5th Cir. 2006). Although the Supreme Court has held that this requirement is mandatory but not jurisdictional in a federal lawsuit, *Fort Bend Cnty.*, 587 U.S. at 550, the University argues that this requirement is jurisdictional because it is an unsatisfied statutory prerequisite to suit.

We agree with the University. When reviewing a federal court claim, we resolve the claim by applying "federal substantive law and our own procedural law to [the] dispute." *BNSF Ry. Co. v. Phillips*, 485 S.W.3d 908, 910 (Tex. 2015); *Tenet Hosps. Ltd. v. Boada*, 304 S.W.3d 528, 534 (Tex. App.—El Paso 2009, pet. denied) ("Generally, when substantive federal claims are raised in state court, state law and procedural rules still govern the manner in which the federal questions are tried and proved."). In Texas, statutory pre-requisites to sue are procedural in nature. *Sims*, 620 S.W.3d at 380 (acknowledging that statutory prerequisites to suit encompass procedural requirements); *United Indep. Sch. Dist. v. Mayers*, 665 S.W.3d 775, 785 (Tex. App.—San Antonio 2023, no pet.) (concluding that statutory prerequisites to suing under Title VII are procedural under Texas law).

The U.S. Supreme Court has determined that Title VII's directive that a charge shall be filed with the EEOC within 180 days after the alleged unlawful practice occurs is a "precondition to the commencement of a Title VII action in Court . . . ." *Fort Bend Cnty.*, 587 U.S. at 543. Because "statutory prerequisites to suit" are "jurisdictional requirements in all suits against a government entity" in Texas, Title VII's directive is jurisdictional in this case. Tex. Gov't Code § 311.034; *see Chatha*, 381 S.W.3d at 515 ("[A] statutory prerequisite to suit, whether administrative (such as filing a charge of discrimination) or procedural (such as timely filing a lawsuit) is jurisdictional when the defendant is a governmental entity."). Consequently, Reeves

was required to plead facts establishing that he complied with Title VII's directive. *See Chatha*, 381 S.W.3d at 514–15 (Tex. 2012) (stating the procedural requirements of the Texas Commission on Human Rights Act, which was modeled after Title VII, are jurisdictional); *Mayers*, 665 S.W.3d at 783 (holding "as a matter of Texas procedural law, [plaintiff's] failure to exhaust Title VII's administrative remedies with regard to her national origin discrimination claim deprived the trial court of jurisdiction to adjudicate that claim against [defendant]."); *Goss v. City of Houston*, 391 S.W.3d 168, 176 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (holding that the trial court lacked subject matter jurisdiction over plaintiff's Title VII employment discrimination claim because it was time-barred).

A Title VII plaintiff exhausts administrative remedies by filing a "timely charge with the EEOC" and receiving a "statutory notice of right to sue." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). Here, Reeves does not allege that he filed a timely charge with the EEOC and received a right to sue letter from the EEOC in his pleadings for any Title VII claim in the first instance, let alone that he filed suit within 90 days of receiving it. Although Reeves argued at a hearing that he had an appointment with the EEOC, he has not alleged the filing of a timely charge or the receipt of a right to sue letter. Reeves's failure to demonstrate compliance with Title VII's preconditions deprived the trial court of jurisdiction over this claim. *Phillips*, 485 S.W.3d at 910; *Chatha*, 381 S.W.3d at 515; *Mayers*, 665 S.W.3d at 783.

**III.**

Having disposed of the merits of Reeves's claims, we turn to three motions Reeves filed. On February 26, 2024, April 8, 2024, and April 12, 2024, Appellees moved this court to dismiss the appeal. All three motions to dismiss lack merit.

In their February motion, Appellees contend the University has failed to

provide evidence disproving Appellees' Texas Whistleblower Act and Title VII claims. Regarding Grimm's claims, the record does not show the trial court ruled on his claims and they are not the subject of the University's appeal. As such, there is nothing on appeal to be dismissed as relates to Grimm's claims. Turning to Reeves's claims, it is Reeves's burden—not the University's—to show that the trial court has subject matter jurisdiction over his claims. *Matzen*, 659 S.W.3d at 388, 394. Moreover, the University contests only Reeves's pleadings and so was not required to introduce evidence. *Clark*, 544 S.W.3d at 770.

Next, in their April 8th motion, Appellees contend that the University did not timely file its appellant's brief, which was due on April 8, 2024. The brief's file stamp confirms that the University did file its appellant's brief on April 8, 2024, so the brief was not untimely.

Finally, in their April 20th motion, Appellees contend that they are entitled to dismissal of the appeal under Federal Rule of Civil Procedure 12(b)(4) and 12(b)(5) for insufficient process and insufficient services of process. Rule 12(b)(4) and 12(b)(5) only apply in federal court proceedings and do not apply to this court, which is a Texas state court of appeals. Appellees do not cite any other law explaining why these issues would warrant dismissal of the appeal.

## CONCLUSION

For these reasons, we hold that Appellees have failed to meet their burden to establish that the trial court had subject matter jurisdiction over Reeves's claims under the Texas Whistleblower Act and Title VII of the Civil Rights Act. Notwithstanding the above, Reeves should be afforded an opportunity to replead these claims. *Miranda*, 133 S.W.3d at 226. The absence of allegations that Reeves initiated a grievance under the Whistleblower Act or received the right to sue letter under Title VII does not foreclose the possibility that Reeves initiated a grievance or

11

received a letter. Jurisdiction therefore has not been affirmatively negated as to either of these claims and so Reeves should be afforded an opportunity to replead. *Id.*

We deny Appellees' three motions to dismiss filed on February 26, 2024, April 8, 2024, and April 12, 2024. We reverse the trial court's order denying the University's plea to the jurisdiction on Reeves's Texas Whistleblower Act and Title VII claims and remand to the trial court to give Reeves an opportunity to amend his pleadings in accordance with this opinion.

<u>/s/ April Farris</u>
April Farris
Justice

Before Chief Justice Brister and Justices Field and Farris.